UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1935 (ABJ) |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Judicial Watch, Inc. has brought this action against the United States Department

of Defense under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking records relating

to the decision of the Secretary of the Department of Defense to transfer five Guantanamo Bay

detainees to the state of Qatar in exchange for the return of Sergeant Bowe Bergdahl.  Compl.

[Dkt. # 1].   After conducting a search, defendant located no records responsive to plaintiff's

specific request, but it nevertheless produced one document that was "similar" to the type of

documents plaintiff sought, and it has now moved for summary judgment.  Def.'s Mot. for Summ.

J. [Dkt. # 13] ("Def.'s Mot."); Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 13-1] ("Def.'s

Mem.").

In a FOIA case, the district court reviews the agency's action de novo and "the burden is

on the agency to sustain its action."  5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v.*

*Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  "FOIA cases are typically and appropriately decided

on motions for summary judgment."  *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  On a

motion for summary judgment, a court "must view the evidence in the light most favorable to the

nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility

determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).   But where a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations." *Moore*, 601 F. Supp. 2d at 12.

In its opposition to defendant's motion for summary judgment, plaintiff stated that "it will not challenge the scope of Defendant's search" and that it was "not challenging any of [the] redactions made to the record produced by Defendant." Pl.'s Mem. of Law in Opp. to Def.'s Mot. [Dkt. # 17] ("Pl.'s Opp.") at 2.   However, plaintiff opposed the entry of judgment at that time because defendant's materials in support of its motion made reference to an additional record that had not been produced and which plaintiff believed to be responsive to its request.   *Id.* The document was described as "a cover memorandum with attachments to the Secretary of Defense from Assistant Secretary of Defense Michael D. Lumpkin . . . for consideration of approving the transfer of the five detained individuals."   Decl. of Mark H. Herrington in Supp. of Def.'s Mot. [Dkt. # 13-2] ¶ 12.   Defendant asserted that the document was not responsive to plaintiff's FOIA request, and that even if it was responsive, "it would be exempt as deliberative process privileged under 5 U.S.C. § 552(b)(5)."   Def.'s Mem. at 8 & n.3.

On December 7, 2015, the Court ordered defendant to deliver the so-called Lumpkin Memorandum for the Court's *in camera* review.   Min. Order (Dec. 7, 2015).   After reviewing the document, the Court concluded that the record was responsive to plaintiff's request, but that it was covered by the deliberative process privilege, and that nothing beyond the TO:, FROM:, and SUBJECT: lines could be reasonably segregated.   Min. Order (Dec. 22, 2015).   The Court ordered defendant to produce only that portion of the Lumpkin Memorandum to plaintiff and to redact the

rest of the record, and it called for the parties' positions on whether the disposition of the Lumpkin

Memorandum resolved the case in its entirety.  *Id.*

Despite the Court's finding that the Lumpkin Memorandum was subject to the deliberative

process privilege, plaintiff took the position that "the status of the Lumpkin memo has not yet been

fully resolved," and it requested further briefing "to determine whether or not Defendant is

properly withholding the portions of the memo that remain redacted."  Joint Status Report (Jan.

15, 2016) [Dkt. # 22] at 2.  Defendant maintained that the Court's decision regarding the Lumpkin

Memorandum resolved the entire matter.  *Id.* at 5.

In an abundance of caution, the Court required defendant to formally assert the deliberative

process privilege over the redacted portions of the Lumpkin Memorandum, and it gave plaintiff

the opportunity to explain its reasoning for why the privilege did not apply.  Min. Order (Jan. 19,

2016).  Defendant filed a notice formally asserting the deliberative process privilege on January

22, 2016, Notice [Dkt. # 23], and plaintiff filed its response on January 29, 2016, arguing that the

Secretary of Defense had either formally or informally adopted the Lumpkin Memorandum as part

of his final decision regarding the disposition of the Guantanamo Bay detainees, and therefore, the

record should be produced even if it was deliberative.  Pl.'s Resp. to Ct. Min. Order of Jan. 19,

2016 [Dkt. # 25] ("Pl.'s Resp.").

"The deliberative process privilege rests on the obvious realization that officials will not

communicate candidly among themselves if each remark is a potential item of discovery," and its

purpose "is to enhance 'the quality of agency decisions' by protecting open and frank discussion

among those who make them within the Government."  *U.S. Dep't of Interior v. Klamath Water

Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001), quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S.

132, 151 (1975).  Thus, the privilege only "protects agency documents that are both predecisional

and deliberative." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006); *accord*

*McKinley v. Bd. of Governors of Fed. Reserve Sys.*, 647 F.3d 331, 339 (D.C. Cir. 2011). "[A]

document [is] predecisional if 'it was generated before the adoption of an agency policy' and

deliberative if 'it reflects the give-and-take of the consultative process.'" *Judicial Watch*, 449 F.3d

at 151, quoting *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir.

1980).

Upon consideration of the parties' pleadings and the Lumpkin Memorandum itself, the

Court again finds that the redacted portions of the document were properly withheld as subject to

the deliberative process privilege. The Court's *in camera* review of the Lumpkin Memorandum

confirmed that it satisfied both prongs of the deliberative process privilege, because it is both

predecisional and deliberative, and plaintiff does not appear to dispute that assessment. *See* Pl.'s

Resp. at 2–4. But plaintiff contends that the Lumpkin Memorandum lost the protection of the

privilege when "the Secretary of Defense adopted the Lumpkin memo," and it cites several cases

in support of its contention that the record should be produced. *Id.* at 3–4.

The cases upon which plaintiff relies are distinguishable. The Court has been provided

with no indication that the Secretary of Defense ever "expressly adopted" the Lumpkin

Memorandum, or that the document was incorporated by reference in a memorandum that

followed the decision. *See Afshar v. U.S. Dep't of State*, 702 F.2d 1125, 1139–40 (D.C. Cir. 1983)

("[I]f a recommendation contained in a predecisional memorandum is expressly adopted or

incorporated by reference in a nonexempt postdecisional memorandum, the predecisional

recommendations must be made public as well."); *Nat'l Council of La Raza v. U.S. Dep't of*

*Justice*, 411 F.3d 350, 356 (2d Cir. 2005) ("An agency may be required to disclose a document

otherwise entitled to protection under the deliberative process privilege if the agency has chosen

'expressly to adopt or incorporate by reference [a] . . . memorandum previously covered by Exemption 5 in what would otherwise be a final opinion.'"), quoting *Sears*, 421 U.S. at 161; *Niemeier v. Watergate Special Prosecution Force*, 565 F.2d 967, 973 (7th Cir. 1977) (requiring disclosure of "an underlying memorandum" that was "expressly relied on in a final agency dispositional document," even though "only part" of the document was "expressly reproduced" in the final decision).  So those cases do not suggest that the Lumpkin Memorandum has lost the protection of the privilege.

Plaintiff also asserts that "the Lumpkin memo was, at least indirectly, used in the Department of Defense's dealings with the public and there is no evidence that it deviated from the Secretary's decision on the transfer."  Pl.'s Resp. at 4, citing *Coastal States*, 617 F.2d at 866. But the Congressional testimony to which plaintiff directs the Court does not show that the Secretary expressly adopted or relied on the Lumpkin Memorandum.  *See id.* at 4 & n.1.  Instead, it shows, at most, that it may have been used as part of the larger decision-making process.  Absent some showing that the agency either expressly or implicitly utilized the Lumpkin Memorandum in connection with its communication of its decision to the public, there is no basis to call for its release; the cases plaintiff cites do not go so far as to call for the abrogation of the deliberative process privilege merely because the decisionmaker ultimately acted in accordance with the recommendation in a deliberative document.  *See, e.g.*, *Afshar*, 702 F.2d at 1143 n.22 ("If the agency merely carried out the recommended decision without explaining its decision in writing, we could not be sure that the memoranda accurately reflected the decisionmaker's thinking."); *Am. Soc'y of Pension Actuaries v. IRS*, 746 F. Supp. 188, 191 (D.D.C. 1990) ("[T]he simple fact that an intra-agency deliberative memorandum reaches the same conclusion as the ultimate decision-

maker provides no guarantee that the memorandum represents the views actually adopted by the government.").

Under plaintiff's approach, no memorandum containing recommendations would remain privileged after a decision in accordance with that document has been made, and that is not the state of the law. *See, e.g.*, *Pension Actuaries*, 746 F. Supp. at 191 ("[P]ermitting FOIA to reach all documents expressing the bottom-line conclusion eventually espoused by the government would intrude severely into the deliberative process exemption."). Thus, the Court's decision that the Lumpkin Memorandum is protected by the deliberative process privilege stands. And because the parties appear to agree that no other issues remain outstanding, *see* Joint Status Report (Jan. 15, 2016) at 2–5, defendant's motion for summary judgment will be granted.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: February 2, 2016